UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARTHUR GREER,

               Plaintiff,                    Civil No. 05-10101-BC

v.                                         Hon. David M. Lawson
                                             Magistrate Judge Charles E. Binder

AUDBERTO C. ANTIONINI,

               Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE, OVERRULING OBJECTIONS, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING ACTION

The plaintiff, a prisoner at Macomb Correctional Facility, has filed suit against Dr. Audberto Antionini, a physician who treated him at the prison. The plaintiff alleges the Americans with Disabilities Act and his Eighth and Fourteenth Amendment rights have been violated by the defendant's failure to remove the plaintiff from a GED class. The plaintiff states the class was stressful and caused him to have a "cerebral vascular accident." He believes the attack could have been avoided had the doctor removed him from the GED class. The plaintiff is seeking $8.5 million in compensatory and punitive damages. On May 4, 2005, the case was referred to Judge Binder.

On August 11, 2005, the defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. On January 5, 2006, the magistrate judge filed a report recommending the motion to dismiss, which he treated as a motion for summary judgment, be granted. The plaintiff filed objections on January 19, 2006, and the defendant responded to the objections on January 25, 2006. After a de novo review, the Court concludes that the magistrate judge correctly determined the matter and the plaintiff's objections lack merit. The motion for summary judgment will be granted and the case dismissed.

I.

The plaintiff is currently incarcerated at Macomb Correctional Facility.  He was previously located at Charles E. Egeler Correctional Facility in Jackson, Michigan, where he was treated by the defendant, Dr. Audberto Antonini for hypertension.

The plaintiff alleges that he suffers from high blood pressure that requires close monitoring. In 2001, the plaintiff was assigned to a GED class, even though he claims he has already graduated from high school.  The plaintiff states the class caused great stress and anxiety, and caused him to have transient ischemic attacks in July and August 2001.  The plaintiff states the defendant increased his blood pressure medication instead of lowering it as the doctors at Foote Memorial Hospital recommended.  The plaintiff asserts that the defendant "deliberately failed to examine plaintiff's entire medical history," effectively leaving the plaintiff "without any treatment at all."  Compl. at ¶ A.

The plaintiff was seen by the defendant a number of times and made clear to the defendant his concerns about the GED class.  The defendant attempted to verify that the plaintiff indeed had graduated from high school, but he could find no such evidence.  The defendant told the plaintiff that there were no medical reasons for an exemption from the class and advised him to talk to the prison administrators if his concerns were not health related.

II.

The magistrate judge observed that the Eighth Amendment prohibits cruel and unusual punishment, and it applies to the States through the Fourteenth Amendment.  In the area of medical treatment, the Supreme Court has held that "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S.

97, 106 (1976). A two pronged test is applied, containing an objective and subjective element. Objectively, the deprivation must be sufficiently serious. *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992). Subjectively, the official in question must have acted with a deliberateness "tantamount to an intent to punish," *Hicks v. Frey*, 992 F.2d 1450, 1455 (6th Cir. 1996), or on the level of criminal recklessness. *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995). While a claim alleging a complete denial of medical care is actionable under the Eighth Amendment, a claim of inadequate medical treatment is not. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Judge Binder found that the plaintiff "failed to show either the objective or subjective elements," and that this claim was better understood as a "negligence based claim of medical malpractice." R&R at 12.

The Prison Litigation Reform Act (PLRA) requires that prisoners exhaust all available administrative remedies prior to filing suit. Judge Binder rejected the plaintiff's ADA claim because the plaintiff has failed to exhaust his administrative requirements. R&R at 12-13. He also found that the plaintiff failed to meet any of the substantive elements of an ADA claim, citing *Smith v. Franklin Co.*, 227 F. Supp. 2d 667, 676-77 (E.D. Ky. 2002), though he did not list these elements in his report.

The plaintiff's objections are long, rambling, and difficult to follow. As well as the Court can discern, the plaintiff's first objection is that his case should not be dismissed prior to discovery. Pl.'s Obj. at ¶ 2. He believes that discovery will allow him to show a genuine issue as to material fact. He wants to have interrogatories answered and to find an expert witness. Pl.'s Obj. at ¶¶ 2-3. In addition, he believes he is entitled to a jury trial. Pl.'s Obj. at ¶ 6.

-3-

The plaintiff's second objection is to the magistrate judge's determination that he has not exhausted his administrative remedies.  Pl.'s Obj. at ¶ 4.  He states his rights under the ADA and the constitution have been violated.  However, he does not state that he has exhausted his remedies.

The plaintiff's third objection is to the magistrate judge's finding that there is no evidence of the subjective element of his Eighth Amendment claim. Pl.'s Obj. at ¶ 4.  The plaintiff states the defendant's failure to take action on September 17, 2001 constitutes criminal recklessness, although he does not say in his objections what occurred on that date.  The plaintiff also alleges that the defendant has treated him with "animosity, enmity and, contempt," which the plaintiff believes is sufficient to meet the subjective element.  Pl.'s Obj. at ¶ 7.  The plaintiff states the defendant laughs at him.  Pl.'s Obj. at ¶ 11.  The plaintiff believes he is being treated unfairly because he is not a lawyer, and he asserts that he has "presented his case best way he knew."  Pl.'s Obj. at ¶ 9.  He also believes he has shown "a serious medical need."  Pl.'s Obj. at ¶ 6.

The plaintiff's fourth objection is that there are facts in dispute, precluding summary judgment, on whether a reasonable doctor would have treated him differently; whether the plaintiff was subjected to unnecessary suffering; and whether the defendant's actions are the cause of the plaintiff's current condition.  Pl.'s Obj. at ¶¶ 3, 4(a)-(c).  The plaintiff claims he has stress and hypertension, while the defendant asserts that the plaintiff is in good health. Pl.'s Obj. at  ¶ 3.

The plaintiff's fifth objection is to the magistrate judge's conclusion that the plaintiff received prompt medical attention when needed.  The plaintiff states Dr. Antionini took no action on September 17, 2001 to prevent a stroke.  Pl.'s obj. at ¶ 4.

The plaintiff's sixth objection is to the magistrate's conclusion that his complaints are really allegations of negligence. Pl.'s Obj. at  ¶ 6.  The plaintiff states it was an "adamant omission' of

-4-

medical treatment." *Ibid.* If it were an isolated event, it could have been negligence, the plaintiff argues, but the defendant's actions occurred over a two-year period. Pl.'s Obj. at ¶ 10.

The plaintiff's seventh objection is that the preponderance of the evidence standard should be applied. Pl.'s Obj. at ¶ 8.

The plaintiff makes two other objections that do not make any sense. He claims the magistrate abused his discretion by recommending the case be dismissed. He also asserts that he was prohibited from filing a declaratory judgment. Pl.'s Obj. at ¶ 1.

The Court finds that the plaintiff has not addressed the substance of the magistrate judge's report. The record is clear that he has not exhausted his ADA claim, and his Eight Amendment claim must fail because there is no substance either to the subjective or objective elements of such a cause of action. It appears instead that the plaintiff attempts to lodge a medical malpractice claim against Dr. Antonini, but the precedent is clear that mere negligence is insufficient to sustain a constitutional violation. *See Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006)

### III.

The Court agrees with the findings and conclusions of the magistrate judge.

Accordingly, it is **ORDERED** that the Magistrate Judge's Report and Recommendation [dkt # 32] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections are **OVERRULED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 13] is **GRANTED**.

It is further **ORDERED** that the motions to facilitate access to court [dkt # 4], extend time

[dkt # 25], and compel [dkt # 36] are **DENIED AS MOOT**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 31, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS